IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY VERDELL STEVENSON (TDCJ No. 1701221), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-1358-P-BN |
| DALLAS COUNTY SHERIFF DEPARTMENT, ET AL., | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b). The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff Henry Verdell Stevenson, currently in the custody of the Texas Department of Criminal Justice, has filed a complaint under 42 U.S.C. § 1983, complaining of being served Jell-O containing a two-inch piece of glass on April 7, 2014 at the Dallas County Jail [Dkt. No. 3]. Plaintiff states that, upon discovering the glass in his Jell-O, he informed guards that he "had eaten some of the [Jell-O] and didn't know if [he] had swallowed any of [the glass,]" which Plaintiff contends "would certainly cause internal bleeding and possible death." *Id.* at 4. Plaintiff reports that after "[he] may have swallow[ed] some glass," he was taken to the infirmary, where a nurse "check[ed his] vitals." *Id.*; *see also* Dkt. No. 10 at 3. As stated in his complaint,

Plaintiff requests $100 million from each defendant along with the costs of his medical expenses. *See id.*

Through Plaintiff's responses to the Court's questionnaire [Dkt. No. 8], the following has been confirmed. First, Plaintiff contends that reporting his claim to the deputy on duty at the time of the incident "resolve[s his] administrat[ive] remedies...." Dkt. No. 10 at 1. Plaintiff has clarified, moreover, that he "did not eat [– that is, ingest –] the glass because [when he] crushed down on it[, he] spit it out." *Id.* at 2. Plaintiff contends, however, that nearly ingesting the glass "created a serious 'risk' of 'harm' to [his] health and safety" and that the experience has caused him "mental injury" and affected his sleep and eating patterns, which he further contends is in violation of Eighth and Fourteenth Amendments of the United States Constitution. *See id.*

The undersigned concludes that Plaintiff's case is frivolous and recommends that it be dismissed under 28 U.S.C. § 1915(e)(2).

**Legal Standards**

A district court is required to screen a civil action brought by a prisoner seeking relief from a governmental entity or employee. See 28 U.S.C. § 1915A(a). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). An action is frivolous if it lacks an arguable basis in either law or fact.

-2-

*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Through the Prison Litigation Reform Act, "Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: '[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.'" *Andrews v. Anderson*, No. 4:12-cv-359-Y, 2012 WL 6049082, at *1 (N.D. Tex. Dec. 5, 2012) (quoting 42 U.S.C. § 1997e(e)).

The United States Court of Appeals for the Fifth Circuit has explained that "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005); *see also Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001) ("[I]f the plaintiff fails to show a physical injury, § 1997e(e) bars claims for mental and emotional damages[, even] caused by fear that one's exposure to asbestos may result in the development of an asbestos-related disease." (citations omitted)); *Andrews*, 2012 WL 6049082, at *1 ("[N]o matter the substantive constitutional violations asserted ...,

a failure to allege physical injury bars his claims for compensatory damages."); *Hardemon v. Sims*, No. 3:06-cv-297-K, 2006 WL 2668871, at *2 (N.D. Tex. Sept. 13, 2006) ("Because Plaintiff did not suffer any physical injury as a result of the alleged conditions of confinement ..., § 1997e(e) bars his request for monetary damages." (citing *Harper v. Showers*, 174 F.3d 716, 719 n.5 (5th Cir. 1999))).

Thus, "[a]bsent an allegation that [a prisoner] suffered a physical injury in connection with the incident giving rise to his complaint[, asserting a constitutional violation], his claim for compensatory damages lacks an arguable basis in law and is subject to dismissal for failure to state a claim upon which relief can be granted." *Street v. Thomas*, Civil Action No. H-08-0994, 2008 WL 938589, at *4 (S.D. Tex. Apr. 4, 2008) (citing 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(e); *Geiger*, 404 F.3d at 374).

## Analysis

Plaintiff admits that he did not ingest the glass he found in his Jello-O on April 7, 2014. He has further failed to allege that having the glass in his mouth before "spit[ting] it out" caused physical injury to his mouth. While Plaintiff asserts the incident caused mental and emotional injury, he has made it clear – through his responses to the Court's questionnaire, which "become part of a plaintiff's pleadings[,]" *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)) – that there was no physical injury.

Question No. 3 of the questionnaire specifically requested that Plaintiff identify "each injury" that he "suffered as a result of eating Jell-O that contained a piece of glass." Dkt. No. 8 at 2. Plaintiff begins his response by clarifying that he "did not eat

the glass" and then goes on to merely allege mental and emotional injuries. *Compare id.*, *with Hampton v. Blanco*, 299 F. App'x 460, 461 (5th Cir. Nov. 19, 2008) (per curiam) ("With respect to ... Hampton's complaints about his replacement meal, Hampton does not allege that he ate the allegedly raw food and thus he cannot show that he suffered physical harm." (citing 42 U.S.C. § 1997e(e))).

Accordingly, without factual allegations of physical injury, Plaintiff's constitutional claims for monetary damages lack an arguable basis in law and are frivolous. *See, e.g.*, *Ruiz v. Texas Bd. of Criminal Justice, Institutional Div.*, No. 2:01-cv-0378-J, 2003 WL 21503065, at *1 (N.D. Tex. Apr. 28, 2003) ("Even now, having been presented with unmistakable notice of the need to disclose any and all physical injury sustained, plaintiff presents no factual allegation of physical injury and has utterly failed to allege a physical injury as required by Title 42, United States Code, section 1997e(e) and as defined by *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997), which will support his claims for monetary damages. Consequently, these claims lack an arguable basis in law and are frivolous.").

### Recommendation

Plaintiff's petition should be summarily dismissed with prejudice under 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be

specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 30, 2014

_____
    DAVID L. HORAN
    UNITED STATES MAGISTRATE JUDGE